UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

PARIS M. CHAMBERS,

          Plaintiff,

    v.                                           Case No. 21-C-1035

DR. JEFFREY MANLOVE, et al.,

          Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

Plaintiff Paris Chambers, who is serving a state prison sentence at Jackson Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated. On October 22, 2021, Defendants moved for partial summary judgment on the ground that Chambers failed to exhaust the available administrative remedies in connection with two of his four claims. Dkt. No. 29. The Court will grant Defendants' motion.

### PRELIMINARY MATTERS

Chambers responded to Defendants' summary judgment motion on January 3, 2022. Defendants filed their reply in support of their motion on January 13, 2022. Chambers responded to Defendants' reply brief on February 2, 2022. Civil L. R. 56 outlines the summary judgment procedure. A party moving for summary judgment may file an opening brief, the party opposing the motion may file a response brief, and the moving party may file a reply brief. The rule does not allow additional briefing. Specifically, the rule does not permit the opposing party to respond to the moving party's reply brief.

Under Civil L. R. 7(i), a party who wishes to file a brief not authorized by the Local Rules must file a motion requesting leave to file the unauthorized brief along with the proposed brief as an attachment. Chambers did not comply with Civil L. R. 7(i). Rather than asking the Court for leave to respond to Defendants' reply, he simply filed the reply. As such, the Court will not consider Chambers' response to Defendants' reply (Dkt. No. 38) when resolving Defendants' summary judgment motion.

## BACKGROUND

At the relevant time, Chambers was housed at Waupun Correctional Institution, where Defendants Dr. Jeffrey Manlove, Dr. Daniel La Voie, Chrystal Meli, Gwendolyn Vick, and Haley Bassuener worked in the health services unit. Chambers is proceeding on claims in connection with treatment he allegedly received for his injured hand between January 2019 and June 2020. Specifically, Chambers was allowed to proceed on an Eighth Amendment claim against Bassuener, Vick, and Meli based on allegations that from January 2019 through April 2019 they delayed scheduling Chambers to see a doctor and failed to address his complaints of pain. He also was allowed to proceed on an Eighth Amendment claim against Dr. Manlove, Bassuener, Vick, and Meli based on assertions that in late April 2019, Dr. Manlove examined Chambers, provided him with capsaicin cream and acetaminophen, which was allegedly ineffective to treat his pain, and persisted with the ineffective treatment despite complaints from Chambers that he was still in pain. Chambers was also allowed to proceed on an Eighth Amendment claim against Dr. La Voie based on assertions that he delayed addressing a request from Dr. Manlove that Chambers be prescribed Gabapentin for his pain. Finally, he was allowed to proceed on an Eighth Amendment claim against Dr. La Voie based on allegations that, in June 2020, after refusing to prescribe Gabapentin

for Chambers' pain, he persisted with treatments that Chambers informed him did not address his pain. Dkt. No. 12.

While Chambers was trying to obtain treatment for his hand injury, he filed two inmate complaints. In the first, which he filed on April 22, 2019, Chambers complained about the delay in being scheduled to see a doctor. He stated that he had seen a nurse and had x-rays taken of his hand in January 2019, but despite several inquiries to health services had still not been scheduled to see a doctor. The institution complaint examiner recommended his inmate complaint be dismissed because it did not appear that Chambers was being ignored and because he was scheduled to see a doctor. Chambers appealed the dismissal, and the Office of the Secretary dismissed the appeal on May 22, 2019. Dkt. No. 31 at ¶¶3-10.

In his second inmate complaint, which he submitted on May 19, 2020, Chambers asserted that he had been writing health services since January 2020 to confirm whether the DOC medical director had approved Dr. Manlove's request that he be permitted to prescribe Gabapentin for Chambers' pain. The inmate complaint was dismissed based on the institution complaint examiner's finding that Dr. Manlove had resubmitted his request and that Chambers would be notified once a decision was made. Chambers appealed the dismissal, and the Office of the Secretary affirmed the appeal on July 7, 2020, finding that there had been an unreasonable delay in deciding Dr. Manlove's request. Dkt. No. 31 at ¶¶11-17.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four*

*Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

The Prison Litigation Reform Act, which applies to this case because Chambers was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Wisconsin inmates may use the inmate complaint review system to raise issues they have with staff actions. Wis. Admin. Code §DOC 310.06(1). Each inmate complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." *Id.* at §DOC 310.07(5)-(6). The Code is not specific about

4

what information will be considered "sufficient" for the department to investigate a complaint. But the Seventh Circuit has explained that "[w]hen the applicable regulations provide little guidance regarding the required contents of a prisoner administrative complaint, . . . an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (citations omitted). Thus, "a prisoner satisfies the exhaustion requirement when he gives a prison 'notice of, and opportunity to correct, a problem.'" *Id.* (citations omitted).

Defendants concede that Chambers exhausted the administrative remedies for his claim against Bassuener, Vick, and Meli in connection with their alleged delay in scheduling Chambers to see a doctor in early 2019 and their alleged failure to address his complaints of pain while he waited for an appointment. Defendants also concede that Chambers exhausted the administrative remedies for his claim against Dr. La Voie in connection with his alleged delay in responding to Dr. Manlove's request to prescribe Gabapentin for Chambers' pain. However, Defendants assert that Chambers did *not* exhaust the available administrative remedies in connection with his claims that Dr. Manlove and Dr. La Voie persisted in ineffective treatments despite numerous complaints to them and Bassuener, Vick, and Meli that the prescribed treatments were not working. Defendants note that Chambers' inmate complaints put the institution on notice of an allegedly unreasonable delay in receiving treatment but did not put the institution on notice of allegedly deficient care. They argue that, because Chambers failed to provide the institution with notice of and an opportunity to correct the alleged problem of deficient care, Chambers failed to exhaust the available administrative remedies on those claims.

The Court agrees, and it appears that even Chambers agrees. In his response to Defendants' motion, Chambers explains that "of course [he] didn't complain about the 'care' given after being

5

seen because the violation of Chambers rights happened PRIOR to being seen." He further explains that "[l]eaving a prisoner impaired for 4 months for a documented issue by the nurse shows a unwillingness to treat Mr. Chambers, thus violating his rights . . . ." Finally, Chambers highlights the decision affirming the appeal of his second inmate complaint which found that "the time for responding was delayed and not reasonable." Dkt. No. 36 at 2-3. The evidence is clear that Chambers' inmate complaints provided the institution with notice only that he believed the treatment for his injured hand was being improperly and unreasonably delayed. Neither his first inmate complaint, which was filed before Chambers saw Dr. Manlove, nor his second inmate complaint, which was filed before Dr. La Voie responded to Dr. Manlove's recommendation, provided the institution with notice that Chambers believed that Dr. Manlove and Dr. La Voie were providing constitutionally deficient care or that he believed Dr. Manlove and Dr. La Voie were persisting with treatments that they knew to be ineffective. Accordingly, Chambers did not exhaust the available administrative remedies with regard to the claims about the sufficiency of his care, and they must be dismissed. *See Schillinger*, 954 F.3d at 995-96 (holding that the grievance must give the prison notice of the claim at issue in the case). To be clear, Chambers' claims regarding an alleged delay in treatment survive. Discovery on the merits of those claims closes on February 4, 2022.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 29). Chambers' claims relating to the treatment he received from Dr. Manlove and Dr. La Voie are **DISMISSED without prejudice** based on his failure to exhaust the available administrative remedies. The Court also **DISMISSES** Dr. Manlove as a Defendant

because Chambers' surviving claims relating to an alleged delay in treatment are not directed at Dr. Manlove.

Dated at Green Bay, Wisconsin this 7th day of February, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge