UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PARIS M. CHAMBERS,

                      Plaintiff,

v.                                                      Case No. 21-C-1035

DANIEL LA VOIE, et al.,

                      Defendants.

## DECISION AND ORDER

Plaintiff Paris Chambers is representing himself and proceeding on Eighth Amendment deliberate indifference claims in connection with alleged delays in addressing his complaints of pain. *See* Dkt. No. 39. On March 15, 2022, Defendants filed a motion for summary judgment. Dkt. No. 43. The next day, the Court informed Chambers that he must respond to the motion by April 14, 2022, and reminded him that if he did not timely respond to the motion or ask for additional time to do so, the Court would "accept all facts asserted by Defendants as undisputed and may grant the motion as a sanction for noncompliance" with Civil L. R. 56. Dkt. No. 50. Chambers' deadline to respond to Defendants' motion passed without a response from Chambers.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(2)-(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court as a result of Chambers' failure to respond, the Court finds that Defendants Haley Bassuener and Chrystal Meli were not personally involved in the alleged violation of Chambers' constitutional rights. The Court also finds that Defendant Gwendolyn Vick timely responded to Chambers'

inquiries about his delayed appointment and that she had no responsibility for canceling or rescheduling his appointments. Finally, the Court finds that Defendant Dr. Daniel La Voie's delay in responding to the request for pain medication was the result of a mistake, not deliberate indifference. Accordingly, Defendants are entitled to judgment as a matter of law and their motion must be granted.

Finally, the Court notes that Defendants expended significant resources in preparing their summary judgment motion and Chambers' failure to timely respond delayed resolution of the motion. Thus, pursuant to Civil L. R. 56(b)(9), the Court also finds that Chambers' failure to respond to the motion is sufficient cause for the Court to grant the motion as a sanction for his noncompliance with the requirements of Civil L. R. 56.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 4th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.